```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
 In re:                                 :    19cv2740 (DLC)
                                        :    19cv2773 (DLC)
 Pursuit Holding (NY), LLC,             :
                                        :    MEMORANDUM OPINION
                     Debtor.            :        AND ORDER
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On March 27 and March 28, 2019, appellants Pursuit Holdings (NY), LLC ("Pursuit") and its sole member, Michael Hayden Sanford ("Sanford"), filed notices of appeal from a March 12 Order of the Bankruptcy Court.  See In re Pursuit Holdings (NY), LLC, Ch. 7 Case No. 18-12738(MG), 2019 WL 1220928 (Bankr. S.D.N.Y. Mar. 12, 2019).  By Order of April 23, appellants were required to file their opening briefs by May 16.  On April 23, appellees Delphi Capital Management, LLC, Michael Knopf, and Norma Knopf (together, the "Knopfs") filed motions to dismiss the appeals.  On April 24, the Chapter 7 Trustee filed a letter joining the motions to dismiss.  By Order of April 24, appellants were also required to file their briefs in opposition to the motions to dismiss by May 16.

On May 15, the deadline for appellants to file their opening briefs and their briefs in opposition to the motion to dismiss was extended to May 30 in response to their request for an extension.  Neither appellant filed their briefs by the May

30 deadline or requested an extension.  On June 3, counsel for Pursuit requested on behalf of both appellants a further extension to July 10 to perfect their appeal and file oppositions to the motions to dismiss.  That application is denied.[1]  For the reasons set forth below, this appeal is dismissed.

On February 22, 2018, the Knopfs obtained a judgment in state court against Pursuit of more than $9 million.  In July 2018, pursuant to a writ of execution, the New York County Sheriff noticed the sale of three condominium units owned by Pursuit ("Bedford Street Condominiums").  Minutes before the schedule sale, however, Pursuit filed for bankruptcy and the sale was automatically stayed pursuant to § 362(a) of the Bankruptcy Code.  See 11 U.S.C. § 362(a).  On November 19, the Honorable Martin Glenn converted the Chapter 11 case to a Chapter 7 liquidation case.

The Trustee valued the Bedford Street Condominiums as worth less than $5 million.  Following substantial litigation in

---

[1] Notwithstanding appellants' "failure to take any step other than the timely filing of a notice of appeal" and that appellants' repeated requests for extensions reflect a transparent effort to delay resolution of their appeal, the Court declines to dismiss the appeal pursuant to Rule 8003(a)(2), Fed. R. Bankr. P.  The Court finds, however, that further delay of this appeal will substantially prejudice appellees' interests, including by preventing the Trustee from distributing monies to unsecured creditors.

2

the Bankruptcy Court, the Trustee proposed a settlement to the Knopfs, which they entered on January 7, 2019 ("Settlement Agreement"). In exchange for the right to purchase the Bedford Street Condominiums for approximately $200,000, the Knopfs largely waived their right to any further distribution from Pursuit's Chapter 7 estate. The Trustee agreed to withdraw Pursuit's state court appeal from the Knopfs' judgment, which had not yet been perfected.

On January 11, the Trustee moved for approval of the Settlement Agreement pursuant to Rule 9019, Fed. R. Bankr. P., and §§ 105 and 363(b) of the Bankruptcy Code. See 11 U.S.C. §§ 105, 363(b). By Order of March 12, the Bankruptcy Court approved the Settlement Agreement, thereby authorizing the sale of the Bedford Street Condominiums.

Pursuant to Rule 6004(h), Fed. R. Bankr. P., "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." During this time, Pursuit did not seek a stay of the sale of the Bedford Street Condominiums. The automatic stay expired on March 26, and the sale became final on April 2, when the Trustee's deeds conveying the Bedford Street Condominiums to the Knopfs were recorded in the New York City Department of Finance, Office of

3

the City Register.  On April 18, the Trustee withdrew Pursuit's state court appeal.

Pursuant to § 363(m) of the Bankruptcy Code,

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).[2]  The Second Circuit has characterized § 363(m) as a "jurisdictional limit."  In re WestPoint Stevens, Inc., 600 F.3d 231, 247 (2d Cir. 2010).  Courts have "no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith purchaser."  Id. (citation omitted).  Thus, where a party (1) fails to seek a stay (2) of an order selling an estate's assets outside the ordinary course of business, and (3) the sale is made to a good faith purchaser, then any appeal from the order is moot.  See In re Gucci, 105 F.3d 837, 839 (2d Cir. 1997).  The sale of the Bedford Street Condominiums meets these criteria and these appeals are dismissed as moot.

---

[2] Section 363(b) authorizes the trustee to sell an estate's assets outside "the ordinary course of business," as was done here.  11 U.S.C. § 363(b)(1).

4

## **Conclusion**

The appeals filed on March 27 and March 28, 2019 in the above-captioned cases are dismissed.

SO ORDERED:

Dated: New York, New York
June 13, 2019

_____
DENISE COTE
United States District Judge